| | |
|---|---|
| 1 | Name: Arthur Minas |
| 2 | Address: 3620 Pacific Coast Hwy, Suite 100 |
| 3 | Torrance, CA 90505-60188 |
| 4 | Phone: 310-955-1360 |
| 5 | Fax: arthur@minaslaw.com |
| 6 | In Pro Per |

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JOHN HARDIE; HAFSAT ADAMU, <br><br> Plaintiff <br><br> v. <br><br> KRISTI NOEM; KIKA SCOTT;; PAM BONDI; MARCO RUBIO; SHANE MYERS; ROLF OLSON; JOHN DOE <br><br> Defendant(s). | CASE NUMBER: <br><br> To be supplied by the Clerk of The United States District Court <br><br> **COMPLAINT** |

Sadaf Ahmed, Attorney for Plaintiff, JEELANI LAW FIRM, PLC, 3701 W. Algonquin Rd, Ste. 630, Rolling Meadows, IL 60008, Ph: 312-767-9030, Facsimile: 312-549-9981, Email: sadaf@jeelani-law.com; Non-resident attorney for Plaintiffs.

**INTRODUCTION**

COME NOW JOHN HARDIE (hereinafter "Plaintiff HARDIE" or collectively "Plaintiffs") and HAFSAT ADAMU (hereinafter "Plaintiff ADAMU" or collectively "Plaintiffs"), Plaintiffs by and through the undersigned attorney, in the above cause, and state as follows:

1. Plaintiff HARDIE is the lawful permanent resident spouse of Plaintiff ADAMU, a citizen of Ghana. On February 21, 2019, Plaintiff HARDIE lawfully filed Form I-130, Petition for Alien Relative (hereinafter "Petition") with the United States Citizenship and Immigration Services (hereinafter "USCIS"). The Form I-130 was approved on March 4,

1. 2020.

2. Following the approval of the Form I-130, Petition, Plaintiff HARDIE's approved Form I-130 was sent to the Department of State's National Visa Center in or around January 2020. In the Welcome email received by Plaintiffs, Plaintiff ADAMU was asked to submit her civil documents and immigrant visa application.

3. In or around June 2020, Plaintiff ADAMU timely, completely, and lawfully filed Form DS-260, Immigrant Visa Electronic Application (hereinafter "Application"), with her case becoming documentarily complete on August 24, 2020.

4. Plaintiff ADAMU was scheduled for not one, but two consular interviews at the U.S. Embassy in Accra, Ghana. At the conclusion of the first interview, she was informed that her case was being placed in administrative processing. Following Plaintiff ADAMU's second consular interview, earlier this year, Plaintiff ADAMU was informed by the consular officer that the approved Form I-130 Petition was being returned to USCIS.

5. Since January 17, 2025, Plaintiffs have made numerous inquiries requesting an update on the status of the Form I-130 Petition. Plaintiffs has not received any meaningful information from the U.S. Embassy in Accra, Ghana, NVC, or USCIS and accordingly the exact status of the Form I-130 remains unknown, without Plaintiffs being able to respond to the objections of the consular officer. This action is brought as a result of Defendants' failure to coordinate the transfer and return of Plaintiff's approved Form I-130 Petition to USCIS within a reasonable period of time. Defendants have failed to return Plaintiff HARDIE's approved Form I-130 Petition to USCIS, preventing Plaintiff's Petition from further adjudication and review.

6. Plaintiffs have a clear right to have Defendants coordinate the return of the approved Form I-130 Petition to USCIS within a timely manner. The return of Plaintiff HARDIE's approved Form I-130 Petition to USCIS is a ministerial, nondiscretionary task that Defendants must perform within a reasonable period of time. 5 U.S.C. §555(b) and 5 U.S.C. § § 706 (1))

7. The failure to act on Plaintiff HARDIE's approved Form and return the approved

Form I-130 to USCIS has caused ongoing undue delay and hardship to Plaintiff HARDIE and Plaintiff ADAMU.

8. Defendants cannot reasonably continue to use COVID-19 as a defense to their failure to coordinate the return of the approved Form I-130 Petition to USCIS as there are no in-person interactions outstanding at this time; as such, COVID-19 related issues do not prohibit an officer's ability to return the approved Form I-130 Petition to USCIS.

9. Defendants are in violation of the Administrative Procedure Act, 5 U.S.C. § 701 et seq. As such, this action is brought to compel Defendants and those acting under them to take action on Plaintiff HARDIE's approved Form I-130, Petition for Alien Relative.

**PARTIES**

10. Plaintiff JOHN HARDIE is a lawful permanent resident of the United States, and for purposes of the instant case, he is a resident of Riverside County, California. He is the Petitioner of an approved Form I-130 Petition for Alien Relative, naming his spouse, Plaintiff ADAMU, as the named beneficiary.

11. Plaintiff HAFSAT ADAMU is a citizen and resident of Ghana. She is the beneficiary of an approved Form I-130, Petition for Alien Relative, filed by her lawful permanent resident husband, Plaintiff HARDIE. The approved Form I-130 allows beneficiary qualification for Plaintiff ADAMU to apply for an immigrant visa to travel to the United States as a lawful permanent resident. Plaintiff ADAMU is the applicant of a pending immigrant visa application.

12. Defendant KRISTI NOEM is the Secretary of the United States Department of Homeland Security (hereinafter "DHS"). This action is filed against her in her official capacity. Defendant NOEM is responsible for the enforcement of the INA and for the delegation of adjudicatory and discretionary authority to other employees of the DHS and USCIS pursuant to 8 U.S.C. § 1103(a); 8 C.F.R. § 2.1.

13. Defendant KIKA SCOTT is the Director of USCIS; she is an official generally charged with supervisory authority over all operations of USCIS under 8 C.F.R. § 103.1. This action is filed against her in her official capacity.

14.     Defendant PAM BONDI is the Attorney General of the United States; she is an official generally charged with supervisory authority over all operations of the Department of Justice (hereinafter "DOJ") under 28 C.F.R. § 0.5.  This action is filed against her in her official capacity.

15.     Defendant MARCO RUBIO is the duly appointed Secretary of the United States Department of State (hereinafter "DOS"). He is the head of the Department of State and is responsible for setting and overseeing implementation of the policies and procedures employed by the U.S. Department of State and all its various subdivisions, including the Bureau of Consular Affairs, U.S. Embassies This action is filed against him in his official capacity.

16.     Defendant SHANE MYERS is the Principal Deputy Assistant Secretary, for the Bureau of Consular Affairs. As Assistant Secretary, he is responsible for setting and overseeing implementation of the policies and procedures employed by the Bureau of Consular Affairs. This action is filed against him in his official capacity.

17.     Defendant ROLF OLSON is the Deputy Chief of Mission of the United States Embassy in Accra, Ghana. He is the principal officer in charge of the Embassy. This action is filed against him in his official capacity.

18.      Defendant JOHN DOE is a Consular Officer at the United States Embassy in Accra, Ghana. This action is filed against him in his official capacity.

## JURISDICTION AND VENUE

19.     This Court has jurisdiction to hear this complaint, and the claims stated herein by virtue of 28 U.S.C. §§ 1331, § 1361 and §2201 because this is a federal mandamus action brought to compel Defendants to perform their statutory duties owed to the Plaintiff. This Court has additional jurisdiction by virtue of the Administrative Procedures Act, 5 U.S.C. § 701, et seq., because Plaintiff is seeking judicial review of inaction by one or more of the Defendants.

20.     Venue is proper in the District Court for the Central District of California pursuant to 28 U.S.C. § 1391(e) in that this is the district in which Plaintiff HARDIE resides and no real

property is at issue in the instant case.

## EXHAUSTION OF REMEDIES

21. Plaintiffs have repeatedly requested the Defendants to provide them with an update on the status of approved Form I-130 Petition. Furthermore, Plaintiff has initiated numerous inquiries with USCIS, NVC, and the U.S. Embassy in Accra, Ghana, all to no avail.

22. The Plaintiff has exhausted his administrative remedies.

23. There are no further administrative remedies available for Plaintiffs to utilize.

## BACKGROUND

24. When a consular officer believes that an approved Form I-130 petition is no longer valid due to suspected misrepresentation, lack of bona fide marriage, or other reasons—the consular officer may return the petition to USCIS with a recommendation for revocation under 8 CFR § 205.2.

25. Upon receiving a returned petition, USCIS is required to formally reopen the case and issue a Notice of Intent to Revoke (NOIR) to the petitioner under 8 CFR § 103.2(b)(16)(i), providing the petitioner with the opportunity to respond to the allegations made by the consular officer.

26. USCIS cannot revoke an I-130 petition without first providing this procedural due process.

27. If the returned petition has not yet been received by USCIS or has been misplaced or delayed in transit, the petitioner is left in legal limbo, deprived of the right to respond and unable to proceed with adjudication of the immigrant visa or even submit a new Petition with USCIS.

## FACTUAL ALLEGATIONS

28. Plaintiff ADAMU is the beneficiary of an approved I-130, Petition for Alien Relative, and as such qualifies for the issuance of an immigrant visa based on her marriage to the petitioner, Plaintiff HARDIE, her lawful permanent resident spouse. [Exhibit A].

29. In or around April 2020, the approved Form I-130, Petition for Alien Relative was sent to the National Visa Center (hereinafter "NVC") and Plaintiffs received the welcome email

from the NVC.

30. On August 24, 2020, Plaintiff ADAMU was notified that her case had been deemed documentarily complete and was being placed in the queue for an immigrant visa interview. While it is acknowledged that the COVID-19 pandemic prevented Defendants from scheduling an interview in 2020 or even in 2021, the prolonged delay thereafter, following Plaintiff ADAMU's two immigrant visa interviews, remains unjustified.

31. On June 18, 2024, Plaintiff ADAMU appeared at the U.S. Embassy in Accra, Ghana, for an initial immigrant visa interview. At the conclusion of the interview, Plaintiff was informed that her case was being placed under 221(g) administrative processing. [Exhibit B].

32. On January 17, 2025, Plaintiff appeared for a second time at the U.S. Embassy in Accra, Ghana, for a second immigrant visa interview. During this interview, Plaintiff HARDIE also telephonically spoke at length with the consular officers. At the conclusion of this interview, Plaintiff ADAMU was informed that they would be contacted in approximately four to five weeks. However, after several weeks passing by and no further communication from the Embassy, Plaintiff HARDIE contacted the U.S. Embassy in Accra, Ghana, only to learn that the approved Petition had been returned to USCIS. [Exhibit B].

33. Plaintiffs were deeply dismayed to learn that the consular officer had elected to return the approved Form I-130 Petition to USCIS, effectively initiating a process that could result in the revocation of Plaintiff HARDIE's Form I-130 Petition.

34. Since January 17, 2025, Plaintiffs have made repeated and diligent efforts to obtain information from the U.S. Embassy in Accra, Ghana, NVC, and USCIS regarding the status and whereabouts of the allegedly returned approved Form I-130 Petition. Despite these numerous inquiries, all three agencies have failed to provide any meaningful response or confirmation of the Petition's location, reflecting a troubling lack of coordination, accountability, and transparency in the handling of this case.

35. Defendants have mishandled the case by failing to follow established procedures, as the U.S. Embassy is required to return the approved petition directly to USCIS, accompanied by a memorandum outlining the reasons it is deemed not approvable. Instead, the petition has

been left in limbo, with no clear indication of its location or status. Without USCIS first receiving the Department's memorandum along with the returned Petition, USCIS will not issue a Notice of Intent to Revoke ("NOIR"), effectively depriving Plaintiffs the opportunity to respond to the NOIR.

36. Plaintiff ADAMU's spouse, a lawful permanent resident, has suffered substantial financial and emotional hardship due to the prolonged and unreasonable delay in administrative processing of Plaintiff ADAMU's case. She currently resides alone in Ghana with her minor child and is experiencing significant emotional and mental distress as she struggles to cope without the presence, support, and companionship of her husband.

37. Plaintiff ADAMU has been forced to live apart from her spouse for an extensive period of time due to Defendants' failure to adjudicate her immigrant visa Application within a reasonable period of time and the wait is exacerbated further by Defendants ongoing delay and mishandling of the approved Form I-130 Petition. Furthermore, without the support and physical presence of Plaintiff ADAMU, Plaintiff HARDIIE continues to experience significant financial, emotional, physical, and psychological hardships living away from his wife and their son. Although the minor child residing with Plaintiff ADAMU is her biological child, Plaintiff HARDIE has embraced and fulfilled the responsibilities of a father figure in the child's life.

## **COUNT I**

VIOLATION OF THE APA (FAILURE TO ADJUDICATE)

All prior paragraphs are re-alleged as if fully stated herein.

39. Plaintiff ADAMU has a statutory right to apply for an immigrant visa pursuant to 8 U.S.C. § 1153.

40. Defendants have a duty to adjudicate Plaintiff ADAMU's Application within a reasonable period of time under 5 U.S.C. §555(b) and 22 CFR § 42.81.

41. The duty owed to Plaintiff ADAMU is ministerial and so plainly prescribed as to be clear and free from doubt.

42. No other adequate remedy is available to Plaintiff.

43. Defendants have conducted the initial investigation and have sufficient information and documentation about Plaintiffs to adjudicate the Application.

44. Given the Defendants' lack of a reason for not making a decision on Plaintiff ADAMU's Application for an unreasonably long period of time.

45. Defendants have failed in their statutory duty to adjudicate Plaintiff ADAMU's immigrant visa Application within a reasonable period of time.

46. Defendants have conducted the initial investigation and have sufficient information and documentation about Plaintiffs to adjudicate the immigrant visa Application.

47. Defendants have violated the Administrative Procedures Act, 5 U.S.C. § 701 et seq., as they are unlawfully withholding action on Plaintiff ADAMU's Application and have failed to carry out the adjudicative functions delegated to them by law with regard to Plaintiff ADAMU's case.

48. Defendants' delay in this case is, as a matter of law, arbitrary, capricious, or otherwise not in accordance with the law and in violation of Plaintiff HARDIE's due process rights pertaining to his familial choices, and not in accordance with the law. Defendants have willingly and unreasonably delayed and have refused to adjudicate Plaintiff ADAMU's Application, thereby depriving Plaintiffs of the rights to which they are entitled.

49. In addition, as a result of this delay, Plaintiff HARDIE has incurred enormous costs and now significant attorney's fees; in effect, Plaintiff HARDIE and Plaintiff ADAMU's lives are on hold due to Defendants' inaction.

## COUNT II

## VIOLATION OF THE APA- FAILURE TO REMAND PREVIOUSLY APPROVED FORM I-130 TO USCIS AND ISSUE NOTICE OF INTENT TO REVOKE ("NOIR")

50. All prior paragraphs are re-alleged as if fully stated herein.

51. Defendants, the U.S. Embassy in Accra, Ghana, have a duty to return the previously approved petition to USCIS with its memorandum explaining their recommendation for revocation of the previously approved petition pursuant to 8 CFR 205.2.

52. Pursuant to 8 C.F.R. § 205.2(a), (b), Defendants have a duty to the Plaintiff to provide Plaintiff with sufficient notice and information to respond to the NOIR. See 8 C.F.R. 214.2(h)(11)(iii)(B); 8 C.F.R. § 103.2(b)(8)(iv); 8 C.F.R. 103.8(b).[1]

53. The APA authorizes a court to hold unlawful and set aside agency action that is "arbitrary" or "capricious." 5 U.S.C. § 706(2)(A). Defendants conduct in the instant case is both.

54. The duty owed to Plaintiff is ministerial and so plainly prescribed as to be clear and free from doubt.

55. No other adequate remedy is available to Plaintiffs.

56. Defendants have failed in their duties to provide Plaintiffs sufficient and adequate information of their intent to revoke the Form I-130 Petition, and have failed to give sufficient notice and time to allow Plaintiffs the opportunity to respond to a NOIR.

57. Defendants failure to comply with 8 CFR 205.2, necessarily means that it has also failed in its duty to complete the adjudicative process by failing to either issue a revocation or reaffirm the approved petition.

58. Defendants' actions in this case are, as a matter of law, arbitrary, capricious, or otherwise not in accordance with the law, and in violation of Plaintiff's rights.

59. Defendants have violated the Administrative Procedure Act, 5 U.S.C. § 701 et seq., as they have failed to carry out the adjudicative functions delegated to them by law with regard to Plaintiffs' case.

## COUNT III

### VIOLATION OF THE APA FAILURE TO FOLLOW PROCEDUE UNDER 8CFR § 205

60. All prior paragraphs are re-alleged as if fully stated herein.

61. Plaintiff has a statutory right to apply for an immigrant visa pursuant to 8 U.S.C. § 1153.

62. Defendants have a duty to comply with the procedures outlined under 8 CFR § 205 regarding the revocation of approval of petitions.

63. The duty owed to Plaintiff ADAMU is ministerial and so plainly prescribed as to be

clear and free from doubt.

64.   No other adequate remedy is available to Plaintiff.

65.   Given the Defendants' failure to send the approved Form I-130 Petition back to USCIS in accordance with procedural requirements pursuant to 8 CFR § 205, Defendants have grossly mishandled Plaintiff ADAMU's immigrant visa case.

66.   Defendants have failed in their statutory duty to send the approved Form I-130, Petition, back to USCIS along with their memorandum explaining why Plaintiff ADAMU is ineligible for the requested immigration benefit.

67.   Defendants' delay in this case is, as a matter of law, arbitrary, capricious, or otherwise not in accordance with the law, and in violation of Plaintiff HARDIE's due process rights pertaining to his familial choices. Defendants have willingly failed to comply with the statutory requirements for the appropriate handling of Plaintiff HARDIE's approved Form I-130 Petition, thereby grossly mishandling the case by failing to send the approved Form I-130 Petition packet back to USCIS, effectively depriving Plaintiffs of their right to a fair adjudication of their case.

68.   In addition, as a result of this delay, Plaintiff HARDIE has incurred enormous costs and now significant attorney's fees; in effect, Plaintiffs lives are on hold due to Defendants' inaction.

**PRAYER FOR RELIEF**

WHEREFORE, the Plaintiff respectfully prays:

1. That the Defendants be cited to appear herein and that, upon due consideration, the Court enter an order mandating a time certain for Defendants to locate and process the returned Form I-130 petition, and if applicable, issue a Notice of Intent to Revoke.

2. In the alternative, that the Court compel Defendants, and those acting under them, to perform their duty to locate and process the returned Form I-130 petition, and if applicable, issue a Notice of Intent to Revoke immediately.

3. Order Defendants to provide a written status report within 30 days on the location and

status of the returned petition

4. Finally, that the Court award reasonable attorney's fees under the Equal Access to Justice Act, 5 U.S.C. § 504, and such other and future relief as this Court deems proper under the circumstances.

Date: May 8, 2025

Respectfully submitted,

/s/ Arthur Minas

Arthur Minas, Esq., *Local Counsel for Plaintiffs*

/s/ Sadaf Ahmed

Sadaf Ahmed, *Non-resident Attorney for Plaintiffs*

# ADDENDUM

[1] Under 8 C.F.R. § 103.2(b)(8)(iv), Petitioners have a maximum of 30 days to respond to a NOIR, and pursuant to § 103.8(b), Plaintiffs will have an additional three days to respond if USCIS issues the notice via mail.